IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **RED HAT, INC.,**<br>          Plaintiff,<br><br>     v.<br><br>**BEDROCK COMPUTER TECHNOLOGIES LLC,**<br><br>          Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Red Hat, Inc. ("Red Hat") files this Complaint for Declaratory Judgment, seeking a judgment that United States Patent No. 5,893,120, entitled "Methods and Apparatus for Information Storage and Retrieval Using a Hashing Technique with External Chaining and On-the-Fly Removal of Expired Data" ("the '120 Patent") is invalid, unenforceable and not infringed by Red Hat.

### PARTIES

1.     Plaintiff Red Hat is a Delaware corporation, having a principal place of business at 1801 Varsity Drive, Raleigh, North Carolina.  Founded in 1993, Red Hat is the world's leading provider of free and open source infrastructure software technologies for enterprises and is the world's most trusted provider of Linux.

2.     Upon information and belief, Defendant Bedrock Computer Technologies LLC ("Bedrock") is a Texas corporation with its principal place of business at 100 E. Ferguson Street, Suite 712, Tyler, Texas.

1

## JURISDICTION AND VENUE

3. This action is for declaratory relief of non-infringement, invalidity and/or unenforceability of the '120 Patent that arises under the United States patent laws (title 35 of the U.S. Code). The Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) and 28 U.S.C. §§ 1331 and 1338. This action seeks a declaration that Red Hat and anyone using, selling or offering to sell the Linux Kernel distributed by Red Hat has not infringed any valid claim of the '120 Patent.

4. Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## BACKGROUND FACTS

5. While Red Hat develops and distributes software, Red Hat is not only a software company. Red Hat combines a superior development model with a customer-friendly business model that gives customers the choice, flexibility, and power to build an IT infrastructure that solves their business problems and makes their IT a strategic advantage. Red Hat shares its expertise, its code, and its knowledge. Red Hat sells subscriptions for enterprise technology and services, stands up for open source principles, and fosters participation in the open source process.

6. Upon information and belief, Bedrock, incorporated on or about November 5, 2008, is solely a licensing entity and was formed for the specific purpose of pursuing alleged claims of infringement relating to the '120 Patent. Upon information and belief, Bedrock does not make, use or sell any products covered by the '120 patent. Instead, upon information and belief, Bedrock acquires patent rights and monetizes them either through licensing or enforcement or both.

7. Bedrock has asserted that it holds all right, title and interest in and to the '120 patent. Upon information and belief, the '120 Patent was filed on January 2, 1997 and issued on April 6, 1999.

8. Bedrock has used the '120 Patent to target a number of valued customers of Red Hat (collectively "Red Hat's Customers").

9. On or about June 16, 2009, Bedrock initiated a patent infringement action in the Eastern District of Texas (Tyler Division) alleging that ten defendants, including Red Hat's Customers, "use the method and apparatus falling within one or more claims of the '120 Patent" and are infringing the '120 Patent "directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling and/or supporting products and/or services that fall within one or more claims of the '120 patent." The litigation filed by Bedrock is captioned as *Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc., et al.* and identified by case number 6:09-cv-269-LED (the "Customer Litigation"). A true and correct copy of the Original Complaint for Patent Infringement is attached hereto as Exhibit A.

10. In its disclosures, served on or about October 9, 2009 in the Customer Litigation and pursuant to Local Patent Rule 3-1(b), Bedrock disclosed that, with respect to each of the defendants in the Customer Litigation (including Red Hat's Customers), the Accused Instrumentalities are computer equipment configured with or utilizing software based on various versions of the Linux operating system.

11. In its disclosures, served on or about October 9, 2009 in the Customer Litigation and pursuant to Local Patent Rule 3-1, Bedrock disclosed its contention that each of the defendants in the Customer Litigation (including Red Hat's Customers) are directly

and literally infringing all eight claims of the '120 Patent.  In making its infringement contentions, Bedrock identified a portion of the Linux Kernel as part of the Accused Instrumentalities.

12.     The Linux Kernel, an operating system kernel used by the Linux family of Unix-like operating systems, is a central component of the Linux operating system and one of the most prominent examples of free and open source software.  Red Hat is the leading corporate contributor to the development of the Linux Kernel.

13.     Red Hat Enterprise Linux ("RHEL") is the Linux distribution produced by Red Hat.  RHEL is the world's leading open source application platform for enterprises.  As the central component of the Linux operating system, the Linux Kernel is included in Red Hat's RHEL platform.

14.     Red Hat's Customers use the RHEL application platform, including the Linux Kernel.

15.     Upon information and belief, Bedrock is accusing Red Hat's Customers of infringing the '120 Patent based on their use of computer equipment configured with or utilizing software based on various versions of the Linux Kernel distributed to them by Red Hat.

16.     Upon information and belief, Bedrock has represented to third parties that it believes that Red Hat's products are infringing.

17.     A number of defendants in the Customer Litigation have requested that Red Hat assist them in defending against Bedrock's allegations of infringement.

18.     Under the circumstances, Bedrock's infringement allegations threaten actual and imminent injury to Red Hat that can be redressed by judicial relief and that injury is of

4

sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such injury includes, among other things, uncertainty in the marketplace as to whether the use and sale of the Linux Kernel is free from infringement claims based on the '120 patent, the injury to Red Hat's efforts to distribute and provide services related to the Linux Kernel resulting from the Customer Litigation and the threat that other customers will be sued, and the legal obligations flowing from any commitments to Red Hat customers. Absent a declaration of non-infringement and/or invalidity, Bedrock will wrongly assert the '120 patent against Red Hat's products, and will thereby cause Red Hat irreparable injury and damage.

19. Under the circumstances, Red Hat has a reasonable apprehension of imminent suit by Bedrock.

20. Consequently, Bedrock and Red Hat have adverse legal interests. Moreover, there is a definite and concrete dispute between Bedrock and Red Hat that is real and substantial.

### DECLARATORY JUDGMENT COUNT
### (Declaratory Judgment of Non-Infringement, Invalidity and/or Unenforceability of the '120 Patent)

21. Red Hat repeats the allegations of paragraphs 1 through 20 of this Complaint as if set forth herein in full.

22. In the Customer Litigation, Bedrock alleges that defendants, including Red Hat's Customers, have infringed and continue to infringe the '120 Patent either directly, contributorily, or by inducement through their use of computer equipment configured with or utilizing software based on various versions of the Linux operating system.

23. Linux operating systems used by Red Hat's Customers and accused by Bedrock were distributed by Red Hat.

24. By virtue of Bedrock's actions and accusations of infringement against Red Hat's Customers based at least in part on their use of the Linux Kernel distributed to them by Red Hat, there is an actual, immediate, and justiciable controversy between Red Hat and Bedrock as to whether Red Hat's activities in making, using, and selling, or offering to sell the Linux Kernel infringes the '120 Patent (either directly, contributorily or by inducement).

25. Red Hat denies that it has infringed, literally or by the doctrine of equivalents, any of the claims of the '120 Patent either directly or indirectly, such as contributorily or by inducement.

26. Red Hat denies that the use, sale, or offer for sale of the Linux Kernel distributed by Red Hat infringes, literally or by the doctrine of equivalents, any of the claims of the '120 Patent either directly or indirectly, such as contributorily or by inducement.

27. Upon information and belief, the claims of the '120 Patent are invalid under title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. The accused Linux Kernel is a staple article of commerce sold and/or used in the United States for more than two decades. Red Hat has invested significant resources in its business developing, distributing and using this staple article of commerce. Upon information and belief, by reason of Bedrock's unreasonable delay in asserting its alleged rights, Red Hat is prejudiced and the relief sought by Bedrock is barred by waiver, laches, estoppel and/or acquiescence and, therefore, the '120 Patent is unenforceable.

29. Upon information and belief, Bedrock is estopped, by virtue of the cancellations, amendments, elections, representations, and concessions the patentee made to the U.S. Patent and Trademark Office during the pendency of the application that ultimately

issued as the '120 patent, from construing that any claim of the '120 patent has been infringed by Red Hat.

30. Upon information and belief, Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

31. Upon information and belief, Bedrock's claims of infringement under the '120 Patent are barred, in whole or in part, by unclean hands.

32. Upon information and belief, no assignment of the rights, title, or interest in the '120 Patent has been recorded with the United States Patent and Trademark Office. Bedrock lacks standing to enforce the '120 Patent.

33. To the extent that Bedrock is asserting claims based on the use or manufacture by or for the United States of the alleged invention, such claims are barred by 28 U.S.C. § 1498.

34. Upon information and belief the '120 Patent is unenforceable due to inequitable conduct. During prosecution of the '120 Patent, Inventor Richard Michael Nemes ("Mr. Nemes") failed to disclose his own patent, U.S. Patent No. 4,999,663 ("the '663 Patent"), to the Patent Office. The '663 Patent describes aspects of both the independent and dependent claims of the '120 Patent and, in combination with other references in the prior art, renders the claims of the '120 Patent obvious. Thus, the '663 Patent was material to the patentability of the '120 Patent, and Mr. Nemes' failure to cite his own patent to the Examiner was inequitable conduct. Mr. Nemes knew of his own '663 Patent, and on information and belief, withheld this information with a specific intent to deceive the Patent Office.

## PRAYER FOR RELIEF

Wherefore, Red Hat respectfully prays for the following:

1. A judgment and declaration that anyone's use, sale, or offer for sale of the Linux Kernel distributed by Red Hat has not infringed and does not infringe in any manner any claim of the '120 Patent, directly, contributorily or by inducement, and has not otherwise infringed or violated any rights of Bedrock;

2. A judgment and declaration that each claim in the '120 Patent is invalid and unenforceable;

3. An injunction against Bedrock and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with Bedrock from asserting infringement or instituting any legal action for infringement of the '120 Patent against Red Hat, customers of Red Hat or any one using the Linux Kernel distributed by Red Hat.

4. A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Red Hat to an award of its reasonable attorneys' fees, expenses and costs in this action;

5. A judgment for such other and further relief in law or in equity as this Court deems just or proper.

## JURY DEMAND

Red Hat demands a trial by jury as to all issues presented in this Complaint.

Dated:  December 9, 2009

Respectfully submitted,

__/s/ J. Thad Heartfield_____
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
Telephone:  409-866-2800
Fax 409-866-5789
E-mail:  thad@jth-law.com

William H. Boice
Russell A. Korn
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

Steven Gardner
E. Danielle T. Williams
John C. Alemanni
KILPATRICK STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

*Attorneys for Plaintiff Red Hat, Inc.*